**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOACHIM WILLIAM LLOP,**<br>*Plaintiff,*<br>v.<br>**FEDERAL ELECTION COMMISSION,**<br>*Defendant.* | Civil Action No. 26-cv-51 (TSC) |

**OPINION AND ORDER**

This matter is before the court on consideration of Defendant's Motion to Dismiss, ECF No. 9, as well as Plaintiff's Motion to Expedite, ECF No. 14, and Motion for Leave to File a Supplement to his Motion to Expedite, ECF No. 16. For the following reasons, the court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's motions as moot.

Plaintiff Joachim Llop sued the Federal Election Commission on January 7, 2026. *See* Compl., ECF No. 1. The substantive portion of his Complaint is a single page, and offers only limited factual allegations, which the court accepts as true. *See Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024). Plaintiff alleges he "is a United States citizen and eligible voter subject to strict individual contribution limits under the Federal Election Campaign Act" ("FECA"). *Id.* at 3. He alleges that his "direct contributions are capped" under FECA, but that federal law permits individuals to "engage in unlimited independent expenditures" through nonprofits or political action committees, which "produc[es] unequal political influence among citizens." *Id.* Plaintiff contends this disparity violates the Constitution's First Amendment by "burden[ing] individual expression," and the Fifth Amendment by "treating individuals differently." *Id.* He asks

the court to declare the limits unconstitutional and enjoin their enforcement. *Id.* The Complaint alleges no other facts. *Id.*

Defendant moved to dismiss Plaintiff's Complaint for lack of Article III standing under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). *See* Def.'s Mot. to Dismiss, ECF No. 9; Def.'s Mem. Supp. Mot. to Dismiss ("Def.'s. Mem."), ECF No. 9-1. Defendant argues Plaintiff lacks an injury-in-fact because he alleges only a "generalized grievance." Def.'s Mem. at 4, 6–8. It also contends Plaintiff's single-page Complaint fails to state a First or Fifth Amendment claim on which relief can be granted. *Id.* at 10–13. In his opposition brief, Plaintiff stated that he is a former congressional candidate and intends to seek federal office again. Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 1, 4, ECF No. 13.

*First*, Plaintiff's Complaint must be dismissed because he lacks standing. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024) (standing is a "threshold" requirement for jurisdiction). A plaintiff must demonstrate an "injury in fact" that is "particularized," *i.e.*, it "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992). "Claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large" is insufficient. *Lujan*, 504 U.S. at 573–74. A claim that the "law . . . has not been followed" is merely an "undifferentiated, generalized grievance about the conduct of government" that is not a "particularized stake in the litigation" sufficient for standing. *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Accordingly, "bringing 'a facial challenge to the constitutionality of'" a statute "does not 'itself suffice[] to establish standing.'" *Nat'l Urb. League*

*v. Trump*, 783 F. Supp. 3d 61, 87 n.6 (D.D.C. 2025) (quoting *Williams v. Lew*, 819 F.3d 466, 476 (D.C. Cir. 2016)). A plaintiff must also demonstrate that the injury "likely was caused or will be caused" by the defendant, and the requested relief would redress the injury. *All. for Hippocratic Med.*, 602 U.S. at 380. "The plaintiff bears the burden" to allege facts "establishing the elements of standing." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). While the court must construe *pro se* plaintiffs' complaints liberally, their pleadings nevertheless must satisfy jurisdictional standards. *See, e.g.*, *Prewitt v. McDonough*, 633 F. Supp. 3d 195, 200 (D.D.C. 2022).

Plaintiff fails to establish an injury in fact. His claim that FECA's individual contribution cap unconstitutionally "produc[es] unequal political influence among citizens" and creates "arbitrary distinctions," *id.* at 3, with no additional factual allegations, is merely an effort to vindicate "his and every citizen's interest in proper application of the Constitution." *Lujan*, 504 U.S. at 573. Plaintiff only alleges that his "direct contribution limits are capped." Compl. at 3. But all individuals are subject to this limit, *see* 52 U.S.C. § 30116(a)(1)(A), and he does not explain how this "affect[s] [him] in a personal and individual way." *Spokeo*, 578 U.S. at 339. He does not allege he has ever contributed to any candidate or intends to do so again, or that his contributions have been or will be limited by the cap. Compl. at 3. Instead, his claims appear directed at vindicating the generalized interests of the public. *See id.* (raising concerns about "[t]reating *individuals* differently") (emphasis added). This "undifferentiated, generalized grievance about the conduct of government," without more, is not sufficient for standing. *Lance*, 549 U.S. at 442.

Plaintiff's statement in his Opposition that he was and intends to be a future federal office-seeker—which the court may consider for purposes of standing, *see Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015)—adds nothing to his claimed injury, as "[h]e has not

alleged that . . . he is in danger of suffering any particular concrete injury as a result of the operation" of FECA. *United States v. Richardson*, 418 U.S. 166, 177 (1974). He does not allege that any prior contributions were limited by the cap, nor that any future contributions will be limited, *see* Compl. at 3, making any possible future harm "no more than conjecture." *Murthy v. Missouri*, 603 U.S. 43, 72 (2024) (internal quotations omitted). Moreover, Plaintiff's only articulated allegation is that *his own* "direct contributions are capped." Compl. at 3. But that fails to establish harm to any future candidacy, because he may make unlimited contributions to his own campaign. *See* 11 C.F.R. § 110.10 ("[C]andidates for Federal office may make unlimited expenditures from personal funds."). In sum, since Plaintiff does not "identify any action . . . that [will] harm[] him," the Complaint must be dismissed for lack of subject-matter jurisdiction. *Jolley v. United States,* No. 21-CV-2709, 2023 WL 3619415, at *6 (D.D.C. May 24, 2023).[1]

*Second*, even if he established standing, Plaintiff's bare-bones Complaint must be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "As a general rule," courts may not "consider[] facts beyond the complaint" when evaluating a complaint under Rule 12(b)(6). *Kaspersky Lab, Inc. v. United States Dep't of Homeland Sec.*, 909 F.3d 446, 464 (D.C. Cir. 2018) (internal quotations omitted). Plaintiff's sole allegations are that FECA caps his direct contributions but independent expenditures are not

[1] Even if Plaintiff had established an injury in fact, he nevertheless would fail to establish causation—as he does not allege FECA's direct cap has caused any specific harms, *see* Compl. at 3—or redressability, as a decision finding the cap unconstitutional would not eliminate unlimited independent expenditures or guarantee "[]equal political influence among citizens." *Id. Cf. Nat'l Republican Senatorial Comm. v. FEC*, 609 U.S. 908, 917 (2026) (reaffirming legality of unlimited independent expenditures).

capped. Compl. at 3. These "naked assertion[s]" do not suffice to state plausible First and Fifth Amendment claims. *Twombly*, 550 U.S. at 557.

A First Amendment challenge to FECA's contribution limits generally must establish a "'significant interference with protected rights of political association'" and show the government has not "'demonstrate[d] a sufficiently important interest [or] employ[ed] means closely drawn to avoid unnecessary abridgment of associational freedoms.'" *McCutcheon v. Fed. Election Comm'n*, 572 U.S. 185, 197 (2014) (quoting *Buckley v. Valeo*, 424 U.S. 1, 25 (1976) (internal quotations omitted)). Plaintiff's Complaint alleges no burden or interference with his rights of association, as he alleges no facts whatsoever related to his political activity. Compl. at 3. *Cf. McCutcheon*, 672 U.S. at 194 (entertaining First Amendment challenge to FECA's aggregate limit where plaintiff "allege[d] that he wished to contribute . . . but was prevented from doing so" by the limit). Nor does he allege that FECA's limits are not "closely drawn" or address the importance of the Government's interests. *Id.* at 197–98. This is also fatal to his Fifth Amendment claim, which requires him to show that FECA's contribution limit "burdens [his] First Amendment rights . . . to a greater extent than" others, and "such differential treatment is not justified." *California Med. Ass'n v. FEC*, 453 U.S. 182, 200 (1981). Since Plaintiff alleges no facts regarding any First Amendment burden, his Fifth Amendment claim fails. *Cf. id.* at 200; *see also Holmes v. FEC*, 71 F. Supp. 3d 178, 186–87 (D.D.C. 2014) (applying "closely drawn" standard to Fifth Amendment challenge to FECA's limits). Moreover, he does not allege how he was treated "unfairly [from] similarly situated contributors." *Id.* at 186. Plaintiff generally refers to the disparity between individuals' direct contributions and nonprofit entities that make independent expenditures, but offers no allegations as to why these circumstances are similarly situated or why the differential treatment is unjustified. Compl. at 3. Therefore, Plaintiff's Complaint contains

"[in]sufficient factual matter" to state a plausible claim for relief and must be dismissed. *Iqbal*, 556 U.S. at 678.

Accordingly, this case is **DISMISSED** without prejudice. It is **FURTHER ORDERED** that all remaining pending motions, ECF Nos. 14, 16, are **DENIED** as moot. The Clerk of the court shall close this case.

**SO ORDERED.**

Date: November 9, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge